[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE APPORTIONMENT COMPLAINT (No. 106)
The motion now before the court requires the construction of Conn. Gen. Stat. § 52-102b, which governs the addition of persons as defendants for apportionment of liability purposes in negligence actions. Sec. 52-102b(c) provides that, "No person who is immune from liability shall be made an apportionment defendant." The question presented here is "immune from liability" to whom? More specifically, does this provision refer to immunity with respect to apportionment plaintiffs or with respect to first-party plaintiffs? For the reasons set forth below, the immunity referred to by the statute is immunity with respect to first-party plaintiffs. The motion to strike must consequently be granted in part.
The action arises from an extremely serious collision between a dump truck and a tractor-trailer on I-95 on October 20, 1995. The dump truck was driven by the plaintiff, James Allen, in the course of his employment with L.G. DeFelice, Inc. ("DeFelice"). DeFelice was performing a CT Page 5001 construction project on the highway at the time. The driver of the tractor-trailer, Stephen Hutchinson, was killed in the accident, and Allen was severely injured.
Allen commenced this action by service of process on September 15, 1997. He is the sole plaintiff. The defendants are the administrators of Hutchinson's estate and Hutchinson's employers. Allen alleges in his first-party complaint that his injuries were caused by Hutchinson's negligence in operating the tractor-trailer.
On January 23, 1998, the defendants in the first-party action (the "apportionment plaintiffs") filed an apportionment complaint pursuant to Conn. Gen. Stat. § 52-102b. The apportionment complaint consists of two counts. The First Count is directed at DeFelice. The Second Count is directed at an entity entitled H R Leasing ("H R"), which allegedly used Allen as its agent. The apportionment complaint asserts that Allen's injuries were caused by the negligence of DeFelice and H R (the "apportionment defendants").
On February 20, 1998, the apportionment defendants filed the motion to strike now before the court. The motion claims that § 52-102b does not permit such a claim against the apportionment defendants. Following a Dickensian delay, the motion was argued on April 9, 2001.
The First Count of the apportionment complaint alleges that Allen was an employee of DeFelice acting in the course of his employment. The exclusivity provision of the Workers' Compensation Act, Conn. Gen. Stat. § 31-284 (a), is "a total bar to common law actions brought by employees against employers for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has engaged in wilful or serious misconduct."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 106, 639 A.2d 507
(1994). Nothing in the pleadings suggests that the "narrow exception" identified by Suarez applies to this case. DeFelice would thus be immune from liability in an action for damages brought against it by Allen. Allen has asserted no first-party claim against DeFelice, before or after the filing of the apportionment complaint.
Conn. Gen. Stat. § 52-102b(c) provides that, "No person who is immune from liability shall be made an apportionment defendant." The question as to whom this immunity is from must now be considered. If the statute is addressing immunity from liability as to apportionment plaintiffs, no problem arises on this record. DeFelice is not immune from liability as to the apportionment plaintiffs here. If, on the other hand, the statute is addressing immunity from liability as to first-party plaintiffs, a serious problem arises. Since Allen, the first-party CT Page 5002 plaintiff, was an employee of DeFelice, DeFelice is immune from liability as to Allen by virtue of the exclusivity provision of the Workers' Compensation Act.
Although the statutory text does not directly address this question, the purpose of the statute is clear. Apportionment plaintiffs do not seek damages against apportionment defendants. They instead seek a reduction of their liability as to first-party plaintiffs. If an apportionment plaintiff wishes to seek damages from an apportionment defendant, he must do so by a cross-complaint or third-party action. No cross-complaint or third-party action has been brought here. It is common ground that the apportionment plaintiffs here will not, under any circumstances, recover a single penny from DeFelice. Whether DeFelice is, or is not, immune from liability as to the apportionment plaintiffs is utterly inconsequential. The sole purpose of the apportionment complaint is to reduce the amount of any award that would otherwise be made to Allen. Allen, rather than DeFelice, is the party directly affected by the apportionment complaint.
In a case not involving immunity, the potential unfairness of this scenario to the first-party plaintiff is ameliorated by Conn. Gen. Stat. § 52-102b(d), which allows the first-party plaintiff to "assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint." The first-party plaintiff is thus enabled to recover from the apportionment defendant whatever he loses, by means of apportionment, from the apportionment plaintiffs. This legislative solution, however, is workable only if the apportionment defendant is not immune from liability as to the first-party plaintiff. If the apportionment defendant is so immune, the first-party plaintiff is left with a reduced verdict and no means of recovering the amount of the reduction.
It follows from this discussion that the immunity referred to by §52-102b(c) is immunity with respect to the first-party plaintiff. Pursuant to § 52-102b(c), no person who is immune from liability as to the first-party plaintiff shall be made an apportionment defendant. Because DeFelice is immune with respect to Allen, the motion to strike the First Count of the apportionment complaint must be granted.
The Second Count of the apportionment complaint, as mentioned, is directed to H R. The parties agree that the pleadings do not sufficiently address the subject of H R's alleged immunity. The motion to strike the second count of the apportionment complaint must be denied without prejudice to a motion for summary judgment addressing this point.
The motion to strike is granted as to the First Count of the CT Page 5003 apportionment complaint and denied without prejudice as to the Second Count.
Jon C. Blue, Judge of the Superior Court